UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NOLAN KLEIN, ) | |
| ) | |
| Petitioner, ) | 3:01-cv-0211-ECR-VPC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| DON HELLING, *et al.*, ) | |
| ) | |
| Respondents. ) | |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by Nolan E. Klein, a Nevada state prisoner represented by counsel.

I.   **Procedural History**

Petitioner was convicted in Nevada's Second Judicial District Court, in 1989, on two counts of Robbery with the Use of a Deadly Weapon, Burglary, and Sexual Assault with the Use of a Deadly Weapon, and was sentenced to two consecutive life terms with the possibility of parole for the sexual assault conviction, plus multiple additional terms of imprisonment for the remaining charges, at least thirty years of which are to run consecutive to the life sentences. (Petition, at Docket #4, p. 2; Judgment of Conviction, at Exhibit 27).[1] The full procedural history of petitioner's

---

[1] The exhibits referenced in this order were submitted by petitioner, at Docket #19-24.

case has been summarized by this Court in detail. (Docket #60, at pp. 1-3).

On September 8, 2003, this Court issued an order finding certain claims to be unexhausted. (Docket #47). Petitioner abandoned the claims that this Court found to be unexhausted. (Docket #48). By order filed March 17, 2004, this Court ruled on the merits of the remaining claims in the petition and denied the petition. (Docket #60). Judgment was entered the same date. (Docket #61). Petitioner appealed to the Ninth Circuit Court of Appeals. (Docket #62).

The matter is before this Court on remand from the Ninth Circuit Court of Appeals. In an opinion filed February 14, 2007, the Circuit Court found that Grounds 20(7) and 20(10) of the petition were, in fact, exhausted in state court. (Docket #81). The matter was remanded to this Court for further adjudication of Grounds 20(7) and 20(10). (*Id.*). On June 8, 2007, in response to this Court's order, respondents filed an answer to Grounds 20(7) and 20(10) of the petition. (Docket #86). Petitioner, through counsel, filed a reply to the answer on September 7, 2007. (Docket #89). The Court now addresses the merits of Grounds 20(7) and 20(10).

## II.  Federal Habeas Corpus Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state

court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III.     Ineffective Assistance of Counsel Claims:  Grounds 20(7) and 20(10)**

   **A. Legal Standard for Ineffective Assistance of Counsel Claims**

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the

attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

**B. Ground 20(7)**

Petitioner claims that his counsel was ineffective for telling him to contact one of the State's witnesses, Luann Gritter, to try to find out what she would testify to, rather than conducting her own investigation. Petitioner claims that Gritter testified that she thought that petitioner was trying to get her to testify in a certain manner.

The Nevada Supreme Court addressed this claim in affirming the district court's

4

denial of petitioner's post-conviction state habeas petition, as follows:

> Appellant contends that his trial counsel was ineffective because she told appellant to contact a witness, appellant's girl friend, and discover the substance of her testimony. Appellant asserts that this resulted in the witness testifying that appellant asked her to change her testimony. Appellant was, however, in frequent contact with the witness, and counsel did not tell appellant to ask the witness to change her testimony. Further, this matter was an extremely minor part of the witnesses testimony, and did not affect the outcome of the trial.
> * * *
> This court has previously noted that there is a presumption that trial counsel fully discharged his or her duties, and this presumption may only be overcome by strong and convincing proof to the contrary. [Citations omitted]. Appellant has not presented such strong and convincing proof. Consequently, appellant's contentions lacking merit we ORDER this appeal dismissed.

(Exhibit 140, at pp. 5-6). The Nevada Supreme Court correctly held that petitioner failed to show that trial counsel was ineffective under the *Strickland* standard. The Nevada Supreme Court also correctly held that petitioner failed to show that counsel's actions prejudiced the defense.

The factual findings of the Nevada state courts are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Counsel did not fall beyond an objective standard of reasonableness under prevailing norms. Nor has petitioner satisfied the prejudice prong of the *Strickland* analysis, as he has not shown that, but for the alleged actions of counsel, the outcome of the proceeding would have been different. Petitioner's counsel was not ineffective and this Court will deny habeas relief with respect to Ground 20(7).

**C. Ground 20(10)**

Petitioner claims ineffective assistance of counsel based on trial counsel's failure to object to prejudicial hearsay testimony. Petitioner claims that counsel failed to object to Detective Boxx's testimony that petitioner had told him that he had come to Reno with his brother, but that

5

petitioner's brother had told him that he had been in Dayton and had not seen petitioner.

The Nevada Supreme Court addressed this claim in affirming the district court's denial of petitioner's post-conviction state habeas petition, as follows:

> Appellant contends that his trial counsel was ineffective for failing to object to the admission of hearsay testimony by a detective that appellant's brother had denied driving appellant to Sparks on the day of appellant's interview with the police.  This is a minor matter that cannot reasonably be said to have changed the outcome of appellant's trial.
> * * *
> This court has previously noted that there is a presumption that trial counsel fully discharged his or her duties, and this presumption may only be overcome by strong and convincing proof to the contrary. [Citations omitted].  Appellant has not presented such strong and convincing proof.  Consequently, appellant's contentions lacking merit we ORDER this appeal dismissed.

(Exhibit 140, at pp. 5-6).  The Nevada Supreme Court correctly held that petitioner failed to show that trial counsel was ineffective under the *Strickland* standard.  The Nevada Supreme Court also correctly held that petitioner failed to show that counsel's actions prejudiced the defense.

The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Counsel did not fall beyond an objective standard of reasonableness under prevailing norms.  Nor has petitioner satisfied the prejudice prong of the *Strickland* analysis, as he has not shown that, but for the alleged actions of counsel, the outcome of the proceeding would have been different.  Petitioner's counsel was not ineffective and this Court will deny habeas relief with respect to Ground 20(7).

**IV.     Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435

F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

## V.     Conclusion

**IT IS THEREFORE ORDERED** that Grounds 20(7) and 20(10) of the petition for a writ of habeas corpus is **DENIED.  The petition is DENIED IN ITS ENTIRETY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

Dated this __15th__ day of January, 2009

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE